[Civil No. 2128.   Filed May 24, 1924.]

[225 Pac. 1115.]

ALVIN F. LARSEN, as Administrator of the Estate
of FRANK M. SMITH, Deceased, Appellant, v.
COUNTY OF YUMA, STATE OF ARIZONA,
J. P. COREY, FRANK E. ELLIOTT, J. CAR-
ROLL POWER, WILLIAM C. LACY, MARY-
LAND CASUALTY COMPANY, NATIONAL
SURETY COMPANY and A M E R I C A N
SURETY COMPANY OF NEW YORK, Ap-
pellees.

COUNTIES—COUNTY OR OFFICERS NOT LIABLE FOR NEGLIGENT MAINTE-
NANCE OF BRIDGE.—Neither county nor its board of supervisors
and engineer are liable under Civ. Code 1913, paragraph 2418,
subdivision 4, and paragraphs 5055, 5093, 5366, 5367, 5368, for
the death of one killed when his automobile ran off a highway
bridge, negligently maintained without railing; such maintenance
being a governmental function.

APPEAL from a judgment of the Superior Court
of the County of Yuma.   F. L. Ingraham, Judge.
Affirmed.

Messrs. Robertson, Lindeman & Campbell, for Ap-
pellant.

Mr. H. H. Baker, County Attorney, Mr. A. J. Eddy,
and Messrs. Timmons & Westover, for Appellees.

ROSS, J.—This is an action against the defendant
county and its officers for damages for personal in-
juries alleged to have been sustained by reason of the
negligence of such officers, the other defendants being
sureties on official bonds of officers.   The gist of the
action, as stated in the complaint, is that plaintiff's

Liability of counties in respect to the maintenance and operation
of bridges, see note in 15 Ann. Cas. 835.   See, also, 4 R. C. L. 225.
See 9 C. J. 469.

intestate, Frank M. Smith, was on April 22, 1920, killed when the motor he was driving along a public highway of defendant county ran off a bridge spanning the West Main Canal of the United States Reclamation Service, and fell into said canal, because there was at that place "no guard or railing of any kind or nature whatsoever to prevent teams, wagons, automobiles, or other conveyances from running off said bridge." It is alleged this condition had existed a number of years and was known to the defendant county and its officers, and that it was the duty of the defendants "to keep said highway at said point in a safe condition for travel by the public," but that defendants had "carelessly and negligently failed and neglected to put and keep said highway at said point in a safe condition for public travel." The officers who are sued with the county are its board of supervisors and its engineer.

The defendants interposed demurrers to the complaint upon various grounds. The demurrers were sustained on the ground that the defendant county, in the absence of a statute making it liable, was not liable in damages for the negligence of its officers, and that the officers were not liable on the ground that in the building and maintenance of public highways they were in the performance of official duties and exercising governmental functions.

From the judgment dismissing plaintiff's complaint, he appeals.

Since the case went off on the sole question of the nonliability of the county and its officers for negligence in performing a governmental function, to wit, in building and maintaining a public highway, we will confine our decision to that point.

The plaintiff concedes, as indeed he must, that by the great majority of the cases in this country the rule of nonliability of counties and officers for negligence is upheld. This rule is the logical result of the

well-settled doctrine that the state may not be sued unless it consents thereto. A county is only a subdivision of the state, created and organized solely for the purpose of assuming and discharging governmental functions that properly and rightfully pertain to the state. The excuse for the creation of a county is largely one of convenience and policy in the administration of the state's multifarious affairs.

In *State* v. *Sharp,* 21 Ariz. 424, 189 Pac. 631, which was a suit to recover damages for personal injuries sustained by plaintiff while working for the state on an addition to the Capitol, this court held to the rule of nonliability. We there stated:

"A single question is presented by the appeal for consideration and determination, and it is an important one. The question is whether the state is liable to respond in damages for the negligent acts of its agents, servants or employees. As to this question it is well settled by the great weight of authority that the state, in consequence of its sovereignty, is immune from prosecution in the courts and from liability to respond in damages for negligence, except in those cases where it has expressly waived immunity or assumed liability by constitutional or legislative enactment."

This rule was later approved in *State* v. *Dart,* 23 Ariz. 145, 202 Pac. 237. As early as 1902, in *Haupt* v. *Maricopa County,* 8 Ariz. 102, 68 Pac. 525, the reason why neither a county nor its officers, in performing governmental functions, are liable in tort, was stated as follows:

"A county is the local subdivision of a state or territory. It is created by the state for the purposes of government. Its functions, political and administrative, have direct relation to the policy of the state. It is possessed of only such powers as the state chooses to give it. It can incur no liability except in pursuance of law. It cannot be made to respond for wrongs committed by its officers or agents unless the statute so declares."

26 Ariz.—24

In the Haupt case the action was for the value of a house and furniture which had been destroyed by the county's officers to prevent the spread of diphtheria. The suit was based upon the agreement of the county to pay therefor. In view of the character of the suit, what was said about the nonliability of the county and its officers for tort may be criticised as *dictum*. Nevertheless it stated the prevailing rule, and we think it has ever since been recognized by the bench and bar as the rule in this jurisdiction. In the face of it, we would not like to announce the minority rule of liability.

While we are very much impressed with the very splendid argument of counsel for plaintiff in behalf of the rule that would make not only the county but its officers liable for negligence in the construction and maintenance of county highways, we think in view of the announcement in the Haupt case, and the rule generally, this argument is one for the consideration of the legislative department and not the courts.

Plaintiff makes no contention that the statute anywhere has expressly created a right of action in tort against the county or against the county's officers in this kind of a case. We are referred to those sections of the statute that make it the duty of the board of supervisors to build and maintain public highways and bridges and empower them to levy taxes for that purpose, and also pertinent legislation defining the duties of the county engineer in that connection. But these provisions of the law go no further. See subdivision 4, paragraph 2418, and paragraphs 5055, 5093, 5366, 5367, and 5368, Civil Code 1913.

One of the latest cases bearing on this question is *Murray* v. *Board of Commrs. of Grant County,* 28 N. M. 309, 210 Pac. 1067. There the court said:

"The general rule is established by the great weight of authority that counties are not subject to

liability for torts committed in the exercise of their governmental functions, unless such liability is established by direct statutory provision. See 15 C. J. 'Counties,' § 272; 7 R. C. L. 'Counties,' § 29; 13 R. C. L. 'Highways,' § 256; Dillon, Munic. Corp. (5th ed.), § 1640; McQuillin, Munic. Corp., §§ 2605, 2719. The exemption of counties from liability for torts in the performance of its governmental functions is based upon the proposition that a county is an involuntary subdivision of the state and exercises, by direction and command of the state, a portion of the governmental functions thereof. It is therefore as much exempt from liability for torts as the state itself.''

See, also, *O'Brien* v. *Rockingham County,* 80 N. H. 522, 120 Atl. 254; *Richardson* v. *Belknap,* 73 Colo. 52, 213 Pac. 335; *Whiteneck* v. *Board of Commrs. of Woods County,* 89 Okl. 52, 213 Pac. 865.

The county can exercise its functions only through its officers. The duties required of county officers are public duties. To hold that the principal is not liable in tort, but that its agent is upon the same state of facts, would be, to say the least, a rather strange rule. In *Packard* v. *Voltz,* 94 Iowa, 280, 58 Am. St. Rep. 396, 62 N. W. 758, the court said:

''It must certainly be an anomalous doctrine that would exempt the corporation itself from liability for the doing of a lawful act in a negligent manner . . . and at the same time affix a liability upon its agent for precisely the same acts. . . . ''

See, also, *Richardson* v. *Belknap, supra,* and *Wood* v. *Boone County,* 153 Iowa, 92, Ann. Cas. 1913D, 1070, 39 L. R. A. (N. S.) 168, 133 N. W. 377.

''As they [the board of supervisors] were engaged in a public work in virtue of their office, the rule of nonliability applies to them, as well as to the body for which they were acting.'' *Snethen* v. *Harrison County,* 172 Iowa, 81, 152 N. W. 12.

See, also, 19 R. C. L. 922, section 222; 9 C. J. 469, section 69.

We are of the opinion that the court's ruling in sustaining the demurrer was proper, and therefore affirm the judgment.

McALISTER, C. J., and LYMAN, J., concur.