[Civil No. 3903. Filed December 27, 1937.]

[74 Pac. (2d) 580.]

## BOARD OF REGENTS OF THE UNIVERSITY OF ARIZONA, Appellants, v. THOMAS W. SAGERS, Appellee.

Mr. Joe Conway, Attorney General, Mr. Albert M. Garcia and Mr. J. M. Johnson, His Assistants, for Appellants.

Messrs. Cusick & Lyons, for Appellee.

McALISTER, C. J.—This is an appeal by the Board of Regents of the University of Arizona from a judgment against it in favor of Thomas W. Sagers for a balance alleged to be due him for manual and mechanical labor performed by him and eleven other persons at the University of Arizona farms. The plaintiff sets up twelve separate causes of action, one of which is based on the claim for his own wages and eleven on the amount sought by him as assignee of other persons. He recovered judgment in each but for a smaller sum than prayed for, and the defendant has appealed.

The substance of the complaint is that between the 17th day of February, 1933, and the 30th day of June, 1934, the plaintiff performed for the defendant, 1,991 hours of manual and mechanical labor at the University of Arizona farms; that the minimum *per diem* wages fixed by the Arizona Highway Commission for such labor is 50 cents an hour; that at this rate he earned $995.50 during that period; that the defendant has paid him $776.49 of this sum and no more; that there is now due him $219.01; that he made demand on defendant for the payment of this but it has failed and refused to pay any part thereof.

The eleven other causes of action are identical in form but are based on the assigned claims of other employees and differ in amount.

On June 23, 1933, the president of the University addressed a letter to the plaintiff, appointing him field assistant in the Arizona Agricultural Experiment Station at a salary of $77.50 per month, his work to be confined to the University Farm under the direct supervision of Mr. Charles Hobart, and he immediately accepted the appointment in writing. His employment had begun on February 17, 1933, and it continued until June 30, 1934, and during this time, according to his testimony, he worked 2,809 hours and earned $1,404.50 but was paid only $1,104.94, leaving a balance due him of $299.56.

We take it from the evidence that he was paid in the way all other farm employees of the University are, that is, that he signed twice each month a payroll containing his name, the hours he had worked and his rate of pay, and that this payroll was approved by the farm superintendent under whom he worked and forwarded by him to the controller of the University who, after approving it, sent it to the state auditor for payment. There is no evidence in the record that the plaintiff signed a payroll or made any written

verified claim for the additional amount he is seeking to recover in this action, though he alleges that he made demand upon the defendant for the amount and his payment was refused.

The evidence relative to the other causes of action shows that his assignors had gone into the service of the University in the same way he had, that the method of payment in each instance was identical and that none of them had made any written verified demand for the additional amount.

At the conclusion of the case the court held that the plaintiff was entitled to recover in each cause of action but that inasmuch as the defendants' liability was one created by statute he could recover only that portion of it that had accrued within twelve months prior to the institution of the cause of action on April 17, 1935, and was not barred by subdivision 3, section 2058, Revised Code of 1928, the one-year statute of limitations. *City of Phoenix* v. *Drinkwater,* 46 Ariz. 470, 52 Pac. (2d) 1175. The court then rendered judgment in favor of the plaintiff in the twelve causes of action, the total sum awarded being $605.14 with interest, instead of the $2,324.04 claimed in the twelve causes of action. The defendants, believing that the minimum wage law had no application to the facts alleged or, if it did, that the plaintiff had not brought himself within the provisions of the statute authorizing him to prosecute such an action, brought the judgment and the order overruling its motion for a new trial here for review.

It is clear from the foregoing statement that the facts and the law applicable to them are identical with those presented in the recently decided case of *State* v. *Miser,* 50 Ariz. 244, 72 Pac. (2d) 408, and, this being true, it is unnecessary to do more than refer to that decision as authority for the order reversing the judgment of the trial court. It might be well, however,

to say that it was there held that the minimum wage law applies to employees of the University performing manual and mechanical labor, the same as it does to other state employees, upon the theory that the University is an agency of the state for educational purposes. Notwithstanding this conclusion, however, the court decided that the plaintiff in that case, Miser, could not recover because a written verified claim for the amount sought had not been filed by him with the proper officer and disallowed. It was pointed out that employees of the University doing manual and mechanical labor must, in enforcing a claim against that institution, proceed as all other employees of the state are required to when seeking to recover a claim against it. That is, they must file a verified demand for the amount claimed to be due them with the proper officer and, when it is disallowed by him, institute an action therefor. When the briefs urging this proposition were prepared and filed in this case, the opinion in the Miser case had not been rendered, but the Attorney General, as counsel for appellants, cites in addition to the authorities appearing in his brief in that case, section 1155, Revised Code of 1928, as amended by chapter 7, Session Laws of 1933, which strengthens materially his position on this point. It reads:

"*Annual appropriation authorized; manner of expending.* There shall be appropriated in the general appropriation bill, for each fiscal year a sum of money, not less than eighty-five one hundredths of one mill on the dollar of the assessed valuation of all taxable property in the state, for the improvement, support and maintenance of the university, including the payment of salaries, current expenses, purchase of equipment, making necessary repairs, construction of new buildings, purchase of lands, and in general for the payment of all such expenses connected with the management of said institutions; and the state board of equalization shall, upon determining the aggregate assessed valuation of all taxable property within the state, compute the amount of money so determined, and certify the

same over its seal, to the state auditor and state treasurer. *All the amounts so appropriated shall be paid as other claims against the state are paid.* The balance of the amount so appropriated, if any, remaining on hand at the end of the fiscal year, shall not revert to the general fund but shall be carried forward for the continued. use for which appropriated.'' (Italics ours.)

The judgment is reversed and cause remanded for action in accordance herewith.

ROSS and LOCKWOOD, JJ., concur.