[Civil No. 4248.    Filed July 12, 1940.]

[104 Pac. (2d) 172.]

## STATE OF ARIZONA, Appellant, v. C. A. ANGLE, Appellee.

Mr. Joe Conway, Attorney General, Mr. Albert M. Garcia and Mr. A. R. Lynch, Assistant Attorneys General, for Appellant.

Mr. T. E. Scarborough, for Appellee.

McALISTER, J.—C. A. Angle brought an action against the state of Arizona to recover the balance alleged to be due him for manual labor performed for it by him and sixteen other persons. The complaint contains seventeen causes of action. The first is based on the sum claimed for his own labor as watchman at the capitol buildings and grounds, and the others on the amount asked for as assignee of thirteen persons who were either watchman, janitors, gardeners, engineers, or elevator operators at the same place, and of three others who were auto repairmen or sign painters in the highway department. He won judgment for the amount sought in each cause of action and the state has brought the matter here for review.

The substance of the allegations stating his first cause of action is that from the 1st day of July, 1938, up to and including the 31st day of December, 1938, working not over eight hours in any one day, appellee performed for the state 1,472 hours of manual labor as a watchman in and around the capitol buildings and grounds and that the state paid him therefor the sum of $675; that during all this period and for some time prior to July 1, 1938, the minimum wage fixed by the highway commission for manual labor performed for it and for those who had contracts with it was the sum of 62½¢ per hour and that by reason of this appellee earned during these 1,472 hours of labor the sum of $920, thus leaving a balance of $245 due him by the state for his labor during this period.

It is further alleged that prior to the commencement of this action appellee presented to the board of directors of state institutions his claim for $245 and that the board rejected and disallowed it; that thereupon he presented the claim for $245, verified and itemized, to the state auditor and she rejected and disallowed it.

The other sixteen causes of action are identical with this, except in these respects: Each is based on a claim assigned to appellee by another employee and is for a different amount; in four of them the wage per hour fixed by the highway commission for the class of work involved is $1.20, and in three the claims were presented for approval to the highway commission by whom the claimants were employed, instead of the board of directors of state institutions, and were by it rejected and disallowed.

The state demurred generally to the complaint and upon the further ground that it appeared upon the face thereof that the court had no jurisdiction over the subject matter of the action. The demurrer was overruled and an answer containing only a general denial filed by the state. Thereupon the case went to trial and, according to the agreed statement of facts upon which it is presented here, in causes of action 1 to 13-a inclusive, and the testimony in 14, 15 and 16, the evidence supports the allegations of the complaint that appellee and each of his assignors had worked for the state the number of hours and in the capacities stated in the complaint; that they had been paid the amount alleged, and that under the minimum wage fixed by the highway commission for the class of manual labor each was performing the unpaid balances were as set out in the complaint. At the conclusion of the evidence the court rendered judgment for appellee in each cause of action as follows: (1) $245; (2) $447.50; (3) $245; (4) $307.17; (5) $486.50; (6) $300; (7) $775.23; (8) $323.50; (9) $313.34; (10) $357.50; (11) $581.50; (12) $156.40; (13) $493.87; (13-a) $189; (14) $881.50; (15) $516.70; (16) $392.88. It further adjudged that $5,221.51, the total amount due appellee on causes of action numbers 1 to 13-a, inclusive, should bear interest at six per cent. per annum from July 1, 1939, until paid, and that $1,791.08, the total sum due on causes of

action numbers 14, 15 and 16 should bear interest at the same rate from October 1, 1939, until satisfied.

The controlling facts in this case are identical with those in *State* v. *Angle,* 54 Ariz. 13, 91 Pac. (2d) 705, 706, decided by this court in June, 1939, except the dates and the amounts involved. In that case the same appellee, Angle, sought to recover the difference between the amount paid him and his assignors "as salaries authorized and appropriated for that purpose by subdiv. 18 of section 1 of chap. 73 of the regular session laws of 1937, and the minimum wage fixed by the Arizona highway commission under the authority of section 1350, R. C. 1928, as amended by sec. 1, of chap. 12 of the regular session laws of 1933." A majority of the court held in that case that he was entitled to the relief prayed for and appellee contends that the same rule should be applied in this case and that when this is done judgment for him must follow. The state does not dispute this proposition but interposes a defense not raised in that case, which, it contends, has the effect of defeating recovery even if the claims against it are just as legal as those in the other cause, and that is that even though they are of the same character, the action by which he seeks to collect them must fall because the complaint fails to allege and the evidence adduced at the trial to show that the necessary conditions precedent were complied with by him before filing his suit. In support of this contention the state cites the following decisions by this court in which it was upheld: *Maricopa County* v. *Sharrit,* 49 Ariz. 396, 67 Pac. (2d) 232; *Yavapai County* v. *O'Neill,* 3 Ariz. 363, 29 Pac. 430; *State* v. *Dart,* 23 Ariz. 145, 202 Pac. 237; *Board of Regents of University of Arizona* v. *Sagers,* 51 Ariz. 93, 74 Pac. (2d) 580; *State* v. *Miser,* 50 Ariz. 244, 72 Pac. (2d) 408. In addition to these the case of *Hutchins* v. *Frohmiller,* 55 Ariz. 522, 103 Pac. (2d) 956, should be mentioned. Appellee does not con-

tend otherwise but takes the position that his complaint meets this objection because it alleges that he presented the claims to the heads of the departments in which he and his assignors worked, namely, the board of directors of state institutions and the highway commission, and they disapproved them, and that he then presented them to the state auditor and she rejected and disallowed them. Was this a compliance with the statute requiring that claims be presented to certain officers and by them disallowed before action on them may be brought?

Section 18, part 2, article IV of the Constitution provides that ''The Legislature shall direct by law in what manner and in what courts suits may be brought against the State'' and pursuant to the authority conferred by this language that body enacted section 4379, Revised Code of 1928, reading as follows:

''Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions herein contained, bring action thereon against the state, and prosecute the same to final judgment.''

█ It is clear from this language that actions on claims against the state may be brought only on those that have been disallowed and it follows necessarily that the disallowance must be made by the officer or officers upon whom the statute has placed that duty. The sections of the 1928 Code prescribing the course one having such a claim must pursue before he may bring an action thereon are the following:

''2619. *Presentation, approval and payment of claims.* All claims against the state for an obligation authorized, required or permitted to be incurred by any state officer or agency, and not payable out of any special fund, or in a special manner, shall be paid only in the following manner: The claimant shall present an itemized claim, sworn to by him and approved by

the head official of each office or state agency under which the obligation was incurred, or by some other officer thereof, if expressly authorized to approve; then presented to the state auditor and, if approved by him, he shall draw his warrant therefor on the state treasurer, who shall pay the same when countersigned by the governor and only out of the appropriation made therefor.''

''30. *Claims against state, how presented.* Persons having claims against the state shall exhibit the same, sworn to, with the evidence in support thereof to the auditor, to be audited, settled and allowed, within one year after such claim shall accrue, and not afterwards; and no claim shall be audited or allowed the items of which are not specifically set out.''

''28. *Auditing of claims; other duties.* The auditor shall: 1. Audit, adjust and settle the amount of claims against the state payable out of funds of the state, except only such claims as may be expressly required by law to be audited and settled by some other officer, and investigate any claim presented. If such an investigation discloses that all or any portion of any claim is not for an actual public purpose, connected with the activities of the office, board, commission, or department where the claim originated, he shall refuse to draw a warrant, except for such amount of each claim as appears to be for an actual public purpose. He shall state his reasons for rejection to the originating office, and a warrant shall not be drawn therefor until a new claim, fully itemized, stating specifically the actual public purpose of, and the necessity for each particular item or amount of expenditure referred to in the auditor's statement of reasons, is presented to the auditor properly verified by the oath of the person making the expenditure, and again approved for audit and warrant by the officer, board, commission, or department which in the first instance audited the rejected claim. If such verified claim is not filed, or if re-filed, if it does not then appear that a public purpose is in fact involved respecting the claim thereof, the ar·litor shall have power to again reject the claim, and report the fact of such rejection to the governor, and no warrant shall be drawn

thereon, unless the governor specifically approves the claim in whole or in part.''

■■ The state contends that under these provisions, which must be construed together, the complaint should have shown upon its face that appellee filed the claims in the proper form with the proper officer and within the proper time and that they were disallowed by those officers before he filed an action on them against the state, and that it does not do this, since it fails to allege that after the claims were rejected by the auditor new claims, fully itemized, properly verified by appellee and his assignors and again approved for audit and warrant by the board of directors of state institutions or the highway commission, were presented to the auditor, that she again rejected them and then reported them to the Governor, and that he also disapproved them. We held only recently in *Hutchins* v. *Frohmiller, supra,* that this procedure, which is outlined in section 28 above, must be followed before one having a claim against the state may bring an action thereon. That, however, was a case in which the claimant had secured the approval of his claim by the proper officer in the department in which he was employed before he presented it to the auditor, and the suggestion of appellee that this procedure applies only in those instances in which such approval has been secured is, we think, correct. Under section 28 the auditor has no duty, or right either, to pass on claims that have not been approved by the proper officer before they are presented to her for allowance or disallowance, because it states specifically that no warrant shall be drawn for a claim until a new one properly verified and *again* approved by the officer, etc., is presented to the auditor. And section 2619 provides that all claims against the state for obligations permitted to be incurred shall be paid only when the claimant presents to the auditor an itemized claim sworn to by him

and *approved* by the head official of the office or state agency under which the obligation is incurred, and is by her approved.

When, however, a claim against the state is disapproved by the head of the department in which the obligation is incurred the statute does not provide that it shall be presented to the auditor. The legislature evidently intended that, as a matter of precaution against false and illegal claims against the state, they should be first approved by the person who has full knowledge as to the rendition of the services upon which they are based before they may be considered by the auditor. If a claimant is prevented, by the refusal of the head of the department to approve his claim, from taking any further steps towards securing a consideration of it by the proper officer, his only remedy seems to be to compel by *mandamus* approval by the head of the department. Undoubtedly such an action would furnish him a method of testing the legality of his claim, for if the court, after considering the matter fully, should conclude that services had been rendered and that the claim therefor was legal and entered an order directing the head of the department to approve the claim, there would be nothing further to be decided in order that the claim should be paid. While the auditor in such an event would, technically speaking, still have the right to reject the claim, there is no likelihood that this would be done after it had been held legal by the court.

Inasmuch, therefore, as the claims of appellee and his assignors were not approved by the board of directors of state institutions or the highway commission before they were presented to the auditor, there was nothing that officer could do with them when presented to her, except to return them to the claimants with instruction to secure the approval of fourteen of them by the board of directors and of the other three

by the highway commission and then present them to her for consideration.

It follows from the foregoing that while the claims of appellee and his assignors may be meritorious, they did not proceed in accordance with the statute in attempting to reduce them to judgment and, consequently, cannot recover.

The judgment is reversed.

LOCKWOOD, J., concurs.

ROSS, C. J.—I concur in the result.