LEON A. OLENDER, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Motion No. 1572.)

Court of Claims, March 29, 1949.

*George W. Gray* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Donald C. Glenn* of counsel), for defendant.

GORMAN, J. This is an application for an order permitting the filing of a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. The claim sought to be filed is one for expenses for medical treatment of applicant's infant son. A claim has been filed by applicant as guardian ad litem of his son, Richard M. Olender, Claim No. 29340, seeking to recover damages from the State of New York for an accident occurring July 2, 1948, in the Taughannock Falls State Park, a few miles north of Ithaca, New York. Claimant and applicant reside in Syracuse, New York, and local attorneys were retained on November 29, 1948. It was necessary to make preliminary investigation in Ithaca and among persons cognizant of the facts and circumstances relating to the accident, and with reference to the nature and extent of the injuries, treatment, and other details.

The State is entitled to prompt notice of its alleged actionable negligence and surrounding circumstances in order that the matter may be investigated and its liability determined. If such liability is present in the infant's claim, the relief sought herein is founded upon and flows from the same source. The State has not been deceived or misled. Its rights have not been prejudiced. Timely notice has been given in the pending action and the State has full knowledge of the facts. " Both the spirit and intent of the Court of Claims Act, as well as the practical application of its provisions, require that it should receive a reasonably liberal construction, instead of a rigidly conservative one." (*McMahon* v. *State of New York,* 173 Misc. 1004, 1009, affd. 261 App. Div. 879.) A substantial compliance with the statute is all that is required. (*Michael* v. *State of New York,* 193 Misc. 834.) " The object of the statute should be kept in mind and it should not be given a construction that will defeat the ends of justice." (*Chalmers & Son* v. *State of New York,* 271 App. Div. 699, 701, affd. 297 N. Y. 690; *Hunter* v. *State of New York,* 268 App. Div. 948; *Webster* v. *State of New York,* 257 App. Div. 902; *Marriott* v. *State of New York,* 56 N. Y. S. 2d 584.) Where more than one claim has been presented arising out of a single accident, if there has been a timely presentation of a claim based thereon, there is special reason for the practical consideration of substantial justice in the application of the court's discretion.

The motion should be granted, and claim should be filed within thirty days from date of entry of order. An order may be submitted to that effect.