Russell G. Hunt, J.
This is an application, pursuant to notice of motion dated April 30,1956, which, with the supporting papers, was served on the Attorney-General on the same day, for an order directing that the notice of intention to file a claim, duly filed herein on November 21, 1955, be accepted as and deemed a claim filed within the two-year limitation provided by subdivision 1 of section 10 of the Court of Claims Act.
It is undisputed that for the purpose of the State Thruway System, pursuant to article 12-A of the Highway Law and title 9 of article 2 of the Public Authorities Law, the claimants were served on April 23, 1954, with notices of the appropriation of the fee to several acres of their land and of temporary easements over other lands of the claimants which are located in Orange County; appropriation maps and descriptions were filed in the Orange County Clerk’s Office on November 21, 1953.
The claimants’ time to serve the formal claim thus expired on April 23, 1956. The present application was made within seven days thereafter and the delay in making timely filing of the claim was due to a combination of circumstances, including conditions arising from the advanced ages of the claimants, but, the Attorney-General with commendable frankness states that the State has not been prejudiced by the delay. In fact, it would be most difficult to make a case of prejudice because the State and its agents intended to do what was done, that is, actually take part of the claimants’ lands for the use of the State Thruway System.
The Attorney-General does, however, raise the question whether the notice of intention can be deemed the claim herein because it fails to comply with section 11 of the Court of Claims Act in that it fails to state the nature of the claim and the items of damage. Section 11 provides that a claim “ shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed ”, and, as to a notice of intention, it is provided that it “ shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated ’’. The Attorney-General simply contends that the notice does not state “ the nature of same and the items of damage or injuries claimed to have been sustained ”. But, the ‘‘ nature ” of the claim means the kind or type of claim, and, from a reading of the notice of intention to file a claim which was filed herein on November 21,1955, it is obvious *148 that it is one to recover damages for the taking of the fee of part of claimants’ lands and temporary easements over other parts; furthermore, the nature or kind of taking was described in the maps and descriptions made, filed and served by the State. The ‘ ‘ items of damage ’ ’ are stated in the notice to be that the Thruway was constructed in part on claimants’ lands, remaining lands were made inaccessible, adverse rights in claimants’ lands were taken and injury has resulted, ‘‘ all to the claimants great damage in the sum of $25,000.00 ” (see notice of intention). While it was not necessary for the notice to state the items of damage and the amount claimed, this was done.
I find that the notice of intention contains the essentials to constitute a claim within the meaning of section 11 (Chalmers & Son v. State of New York, 297 N .Y. 690; see, also, Michael v. State of New York, 193 Misc. 834; Olender v. State of New York, 194 Misc. 583; Petzold v. State of New York, 202 Misc. 255; Matteo v. State of New York, 203 Misc. 523).
The application for an order directing that the notice of intention to file a claim be accepted and deemed a claim is granted upon condition that the claimants file with the clerk of the Court of Claims an original and 12 copies of the claim which was submitted with the motion papers as exhibit “ B ” in substitution of that now on file and serve upon the Attorney-General of the State of New York and the New York State Thruway Authority a copy thereof within 10 days after the entry of an order herein.
Submit order accordingly.