CARROLL, CHAS., Judge.
The appellee Charles S. Riley has moved to dismiss this appeal on the ground that it was not filed within the period prescribed for appeals to this court from the civil court of record.
Prior to the amendment of Article V of the Constitution of Florida, F.S.A.Const., effective July 1, 1957,-which placed in this court the jurisdiction of appeals from the civil court of record (Art. V. § 5(3), Fla. Const., 26 F.S.A.), the circuit court had jurisdiction of such appeals under the then existing provisions of Article V, § 11 of the Constitution, as supplemented by legislation (§ 33.11, Fla.Stat., F.S.A.) which specified “one calendar month” as the appeal period.[1]
The order appealed from in this • case was from a summary judgment rendered *500 June 22, 1960. The appeal was filed August 15, 1960, within 60 days but not within a calendar month.
The question raised by this motion has not previously been presented to this court. However, in several instances where appeal periods of less than 60 days were specifically provided for by statutes- which dealt with appeals to the circuit court, the jurisdiction over which appeals was changed to this court in 1957 by the constitutional amendment ab’ove referred to, we have held that the shorter appeal periods fixed by statute prevailed.[2] See Florida Appellate Rules 1.1; 1.4; 3.2 subd. b, 31 F.S.A.
We hold, therefore, consistent with the express provision of rule 3.2 subd. b, F.A.R.,[3] that the period of one calendar month as specifically provided by § 33.11(1), Fla.Stat, F.S.A., is the period within which appeals may be taken from the civil court of record.
By previously entertaining such appeals when filed any time within 60 days, this court implicitly construed the law to provide a 60-day appeal period. In addition, the period for appeals from the civil court of record to this court was stated by this court to be 60 days, in a footnote to the case of In re Campbell’s Guardianship, Fla.App.1959, 114 So.2d. 352, 354. which involved a question of the period for appeal from the county judge’s court in matters relating to an incompetent. The different judicial construction which we now place upon the applicable rules and statute will not be made to operate retroactively.
The general rule is that a judicial construction of a court rule or statute will be deemed to relate back to its effective date. But a recognized exception is that when parties act in reliance on, and in conformity with the prior construction of an appellate court, the rights which such parties have gained and the positions they have so taken should not be impaired by a different judicial construction of the same rule or statute made in a subsequent decision of that court. Until this decision is published in the advance opinions of the Southern Reporter, it will not be available to the Bar and the public generally. To apply it to appeals taken before that time would be to use it retroactively. It should be given effect only in appeals filed thereafter. See Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251; Aronson v. Congregation Temple De Hirsch, Fla.App.1960, 123 So.2d 408.
The motion to dismiss this appeal is denied.
HORTON, C. J., concurs specially.
PEARSON, J., concurs in part and dissents in part.

. Section 33.11(1), Fla.Stat., F.S.A., reads as follows:
“The circuit court of the county wherein any such civil court of record shall be established, shall have appellate jurisdiction to review judgments or orders of such civil court of record in the same manner and with like powers as the supreme court shall have jurisdiction to review in like actions tlie judgments and orders of such circuit court; provided, hoioever, that no matters so appealed shall he had later than one calendar month after the entry of (a) the judgment appealed, or (h) order granting or denying motion for new trial.” [Italics supplied.] ■

. Placid York Co. v. Calvert Hotel Company, Fla.App.1959, 109 So.2d 604; In re Campbell’s Guardianship, Fla.App. 1959, 114 So.2d 352; In re Evans, Fla.App.1960, 116 So.2d 783; In re Wartman’s Estate, Fla.App.1960, 118 So.2d 838.

. Rule 3.2, F.A.R., entitled “Commencement of Proceedings,” in paragraph b provides as follows:
“Time. Appeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment' or decree appealed from, unless some other period of time for talcing an appeal is specifically provided T)y statute or these rules.” [Italics supplied.]