452 P.2d 513

**STATE of Arizona, Appellant,**

v.

**Ernest STONE, individually and as surviving spouse of Hathaway Stone, deceased, Darrell Stone and Denise Stone, by their guardian ad litem, Ernest Stone, Appellees.**

No. 9425.

Supreme Court of Arizona.

In Banc.

March 28, 1969.

Rehearing Denied May 13, 1969.

Supplemental Opinion May 14, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., Phoenix, by J. Mercer Johnson, Sp. Asst. Atty. Gen., Tucson, for appellant.

Rees, Estes & Browning, by William D. Browning, Tucson, for appellees.

James J. Leonard, Jr., William B. Revis, Phoenix, for amicus curiae, The American Trial Lawyers Association, Arizona Chapter.

LOCKWOOD, Vice Chief Justice.

On the morning of September 27, 1955, Ernest Stone, his wife and his two children were traveling from Tucson to Benson, Arizona, on U. S. Highway 80. Approximately fifteen miles east of Tucson near Mountain View, Arizona, their car collided with a westbound automobile. Mrs. Stone was killed, and the other members of the family were injured.

The facts are somewhat complex, the accident occurring in the following manner: A short distance west of Mountain View old U. S. 80 diverged from new U. S. 80, the old road veering off to the left in a northeasterly direction, with the new road proceeding more or less straight east. Also at the point of the merging of these two

highways there was a sign which indicated Arizona Highway 83 to "Sonoita" with an arrow pointing to the right. The converging of old and new U. S. 80 and the sign to Sonoita were situated near the crest of a hill. The intersection of new U. S. 80 and Arizona 83, to which the sign referred, was beyond the crest and not visible to the driver of an eastbound auto ascending the hill. At the point where old and new U. S. 80 merged, the white center line of the old road was visible to a driver proceeding east on the new road. Mr. Stone, who was driving, testified that as he proceeded up the hill he could see two center stripes, the bright one on new U. S. 80 and the dimmer one on old U. S. 80. Since the roadside sign indicated that Sonoita was to the right (from his position he couldn't see the 80–83 intersection on the other side of the hill), he concluded that to stay on U. S. 80 and get to Benson he should follow the center line that led off to the left. This bearing to the left brought him, at the crest of the hill, directly into the path of the other car traveling west on new U. S. 80.

Ernest Stone brought suit against the Arizona Highway Commission and others for injuries suffered by him and his children and also for damages for the wrongful death of Hathaway Stone. A dismissal of this action on the ground that the state was immune to suit was reversed by this Court, Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963), and the matter was remanded for further proceedings. A trial on the merits resulted in a verdict for plaintiff, which was in turn reversed by the Court of Appeals, 8 Ariz.App. 118, 443 P.2d 933 (1968). We granted plaintiff's petition for review.

The state contends that the filing of a claim for damages is a jurisdictional prerequisite to maintaining a suit against the state for negligence. In support of this proposition the state points to A.R.S. § 12–821 and A.R.S. § 35–181. It is conceded that Stone has never filed a claim with the state.

A.R.S. § 12–821 is entitled "Authorization of action against state on tort or contract claim" and provides:

"Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment."

A time limit of one year for filing claims is contained in § 35–181, entitled, "Presentation, approval and payment of claims and payrolls" which provides in pertinent part:

"The claimant shall present an itemized claim, sworn to by him and approved by the head official of each office or state agency under which the obligation was incurred. * * * Such claim shall be so presented within one year after the claim accrues, and not afterward * *."

▉ Although A.R.S. § 35–181 contains the broad term "claims", it clearly has application only to contract claims and not tort claims. In City of Phoenix v. Mayfield, 41 Ariz. 537, 20 P.2d 296 (1933), this Court construed a provision of the Phoenix City Charter pertaining to the filing of claims against the city. Holding that the claims provision did not apply to an action against the city for wrongful death we stated:

"* * * 'As a general rule charter or statutory provisions requiring notice or presentation of "debts," "claims," or "demands," without otherwise specifying their nature, and especially when accompanied by a requirement that such claim, etc., be itemized, apply only to actions ex contractu, and not to actions for tort * * *.'" 41 Ariz. at 544, 20 P.2d at 299.

We therefore hold that A.R.S. § 35–181 is not applicable to negligence suits against the state.

▉ Turning then to § 12–821, we hold that this statute also has no application to the instant case, notwithstanding the fact that it refers to "claims for negligence".

Prior to the Stone decision in 1963 the state was liable only for negligence in the performance of its proprietary functions; it was not liable for negligence stemming from its governmental acts. Grande v. Casson, 50 Ariz. 397, 72 P.2d 676 (1937); State v. Sharp, 21 Ariz. 424, 189 P. 631 (1920). This Court held in State v. Sharp, *supra,* that the "claims for negligence" language of § 12–821 could refer only to claims stemming from a proprietary function of the state, for which the state might be sued, but that the negligence referred to could not refer to negligence arising from the exercise of a governmental function. This was the recognized rule prior to 1963. However, in 1963 the liability of the state was broadened by the Stone decision wherein we held that not only proprietary negligence claims, but also governmental negligence claims were maintainable against the State of Arizona, thus abandoning the doctrine of governmental immunity theretofore adhered to. We further specified that application of the newly announced principle of the state's liability in tort, regardless of the classification of governmental or proprietary function, would be limited retrospectively to "all other pending cases, those not yet filed which are not barred by the statute of limitations * * *." 93 Ariz. at 392, 381 P.2d at 112.

Stone filed this suit, based on negligent governmental acts, in August, 1957. Logic dictates that § 12–821 could not be applicable to a governmental negligence claim six years before such claims came into existence in Arizona. Since his suit was the case which broadened the sweep of the statute, it would be unjust to compel him to meet procedural requirements which admittedly had theretofore been inapplicable. For it would be an anomalous situation where the litigant who successfully challenged the doctrine of sovereign immunity in this state could not recover on the merits of his suit, because he failed to follow procedural steps that had no relation to his case prior to its outcome. Were we to hold otherwise, appellant might well find himself in the same position as Napoleon who, as he retreated across the snowy wastelands of Russia, muttered to himself, "One more victory like this and I shall be ruined."

The same principle must apply to those cases based on governmental negligence which were pending at the time Stone v. Ariz. Highway Comm., *supra,* became effective, as well as those instituted thereafter up to the time of this decision. Indeed, since the issue of compliance with § 12–821 was not raised until after the principle of Stone, *supra,* was announced, to broaden the meaning of § 12–821 retroactively, would indeed confer on Stone, the litigant, and others relying on the principle enunciated in his case as precedent, a Pyrrhic victory.

■ We therefore hold that the provisions of § 12–821 were not applicable to appellant's action, nor to those now pending, based upon Stone, *supra,* as precedent, but that henceforth the broadened scope of the state's subjection to negligence actions shall also be limited by the procedural requirement in § 12–821 of disallowance of any such claim, before a person may bring a suit of this nature against the state. See Linkletter v. Walker, 381 U.S. 618, 85 S. Ct. 1731, 14 L.Ed.2d 601 (1965); Fuller v. Riley, Fla.App., 124 So.2d 499 (1960); Molitor v. Kaneland Com. Unit Dist. No. 302, 18 Ill.2d 11, 163 N.E.2d 89, 86 A.L.R. 2d 469 (1959); Florida Forest & Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944).

A second issue is raised by the state's contention that the trial court improperly allowed Stone to bring the wrongful death action under A.R.S. §§ 12–612 and 12–613. At the time of Mrs. Stone's death in September, 1955, §§ 31–102 and 31–103 of the 1939 Code were in effect. In July, 1956, subsequent to the accident but prior to the institution of suit in August, 1957, the legislature enacted § 12–612 and § 12–613. The state maintains that the changes in the 1956 statutes were of substance and not procedure and that, therefore, they may not be applied to an accident which occurred prior to their enactment.

■■ We find it unnecessary to decide whether the statutory changes were sub-

stantive or procedural for we believe that A.R.S. § 1–244 is dispositive of this question. That statute provides: "No statute is retroactive unless expressly declared therein." The 1956 enactments contain no provision that they shall have retroactive application. In the absence of such provision a statute may not be applied retroactively. Headley v. Headley, 101 Ariz. 331, 419 P.2d 510 (1966).

Allowing Stone to bring his action under the 1956 statutes was more than harmless error. Under the 1939 statutes recovery is limited to the pecuniary loss to the estate of deceased. Butler v. Rule, 33 Ariz. 460, 265 P. 757 (1928). On the other hand, the 1956 statute measures damages with reference to the loss suffered by the parties for whose benefit the action is brought, in this case Stone and his two children. Therefore, the recoveries by Stone and the children on the wrongful death count cannot stand, since they are not beneficiaries under the 1939 statutes. Accordingly, we must remand the case to the trial court for the limited purpose of a determination of what damages may be appropriate under the 1939 wrongful death statutes, excluding from the scope of the new trial the question of the state's liability and the amount of damages recovered for personal injuries. See Coyner Crop Dusters v. Marsh, 90 Ariz. 157, 367 P.2d 208 (1961), reversed on other grounds, 91 Ariz. 371, 372 P.2d 708 (1962).

The state next complains that the trial court should not have granted Stone's motion in limine preventing introduction of evidence that Stone had remarried after the accident. The fact of remarriage can only have relevance as a factor mitigating damages under the 1956 statute. Since the case must be remanded for a determination under the 1939 statute, the admissibility of evidence of remarriage should not be an issue.

■ On the issue of negligence the state maintains that an accident report made on the scene by Patrolman Vance and later typed up by Lieutenant Velasco which states that the collision was caused by faulty highway markings should have been excluded by the court as hearsay.

Rule 44(a), Rules of Civil Procedure, 16 A.R.S. provides:

"The records required to be made and kept by a public officer of the state, county, municipality, or any body politic, and copies thereof certified under the hand and seal of the public officer having custody of such records, shall be received in evidence as prima facie evidence of the facts therein stated."

This Court has held that a record is a public record if it is kept pursuant to a statutory duty. See Bean v. Gorby, 80 Ariz. 25, 28, 292 P.2d 199, 201 (1956) and Welch v. Medlock, 79 Ariz. 247, 251, 286 P.2d 756, 759 (1955). Patrolman Vance and Lieutenant Velasco are public officers, Tomario v. State, 71 Ariz. 147, 224 P.2d 209 (1950), and A.R.S. § 28–233 requires the highway patrol to file an accident report in connection with every highway mishap: "The highway patrol shall also investigate accidents which occur upon the highways * * * and *transmit forthwith to the vehicle superintendent a copy of the report of the investigation.*" (Emphasis added.) See also A.R.S. § 28–667, subsec. C. Clearly, the report of the accident was properly admitted into evidence as a public record.

■ Shortly after the accident occurred one James Herron, administrative secretary of the Highway Commission, arrived on the scene. In the course of a conversation with Herron, Lieutenant Velasco, who was assisting Patrolman Vance in investigation of the accident, stated that the accident was caused by improper markings on the highway, i. e. by the center line on old U. S. 80 that still was visible. The state contends that the court erroneously admitted the remark as an admission against the state. Whatever the merits of the state's position we feel that admission of this remark was harmless error for the reason that the accident report of Vance and Velasco, containing substantially the same statements, was already properly before the jury.

Witnesses Eugene Hill and Burr Udall, who had traveled this stretch of road prior to the accident, testified for the plaintiff that the old center line was clearly visible despite Highway Department attempts to blot it out. The state objected to their testimony on the grounds that no foundation had been laid since there was no showing that conditions at the time of their observations were the same as at the time of the accident. Specifically, the state points to the fact that both Hill and Udall testified that when they drove this stretch they observed no white center line on new U. S. 80. It is conceded that at the time of the accident this center line had been painted in.

■■ As a general rule whenever the condition of a certain thing or place at a certain time is in question, evidence of its condition at a prior time is admissible so long as it is accompanied by proof that it has not changed in the interval. Semet v. Andorra Nurseries, Inc., 421 Pa. 484, 219 A.2d 357 (1966); Hall v. Hockaday, 206 Va. 792, 146 S.E.2d 215 (1966); State on Inf. of McKittrick v. Graves, 346 Mo. 990, 144 S.W.2d 91 (1940). The thrust of the two witnesses' testimony went to the fact that prior to the accident the old center line was visible. Mr. William Price, Chief Engineer for the Arizona State Highway Department, testified that the grey paint which was used to blot out the old center line had worn off to the point that the old center line was once again visible. Therefore, in regard to the visibility of the old center line, any change in condition would only tend to strengthen plaintiff's case. The state's attempt to discredit these witnesses by attacking their testimony concerning the absence of the new center line is wide of the mark.

■ Finally, the state complains that the court erroneously refused to give its requested instruction No. 1 which stated that the testimony of Hill and Udall concerning the misleading effect of the old center line was "immaterial and irrelevant on the basic issue of negligence." On the contrary, we believe that the visibility of the old center line and the fact that it had confused other motorists is germane to the issue of negligence. It was not error to refuse this instruction.

The opinion of the Court of Appeals is vacated, and the judgment of the trial court is affirmed except as to the issue of damages for wrongful death consistent with the opinion expressed herein. Case remanded for appropriate proceedings consistent with this opinion.

UDALL, C. J., and STRUCKMEYER and McFARLAND, JJ., concur.

NOTE: Justice JACK D. H. HAYS did not participate in the determination of this appeal.

### Supplemental Opinion

This supplemental opinion to State v. Stone, 104 Ariz. 339, 452 P.2d 513, decided March 28, 1969, is issued for the purpose of dispelling what appears to be some confusion over the language of the following paragraph contained in the original opinion.

"The state next complains that the trial court should not have granted Stone's motion in limine preventing introduction of evidence that Stone had remarried after the accident. The fact of remarriage can only have relevance as a factor mitigating damages under the 1956 statute. Since the case must be remanded for a determination under the 1939 statute, the admissibility of evidence of remarriage should not be an issue."

The confusion seems to stem from the sentence "The fact of remarriage can only have relevance as a factor mitigating damages under the 1956 statute." This was not intended to imply that evidence of remarriage would be proper under the 1956 statute, but only to indicate that defendant claimed that under the 1956 statute the fact of remarriage of a plaintiff, had some relevance. Since we held that the 1956 statute was inapplicable we did not deem it necessary to discuss defendant's position.

The language in no way modifies or overrules this Court's decision in Boies v. Cole, 99 Ariz. 198, 407 P.2d 917 (1965).