[Civil No. 4270. Filed December 23, 1940.]

[108 Pac. (2d) 560.]

SUSIE BEST and OTHO W. BEST, Appellants, v. THE STATE OF ARIZONA, a Body Politic, Appellee.

Messrs. Dykes & Selden, for Appellants.

Mr. Joe Conway, Attorney General, Mr. Albert M. Garcia, Assistant Attorney General, and Mr. J. R. McDougall, for Appellee.

ROSS, C. J.—The appellant Susie Best brought an action against the state to recover alleged balances

due her and certain assignors for manual labor rendered the state at the State Welfare Sanatorium, under employment by the State Board of Social Security and Welfare. It is alleged that such balances arose by reason of their being paid a scale of wages lower than that fixed by the State Highway Commission for like services. The allegations as to the presentation by plaintiff Susie Best and her assignors of claims for allowance are contained in paragraph three of the complaint and read:

"That on the 15th day of February, 1938, the plaintiff Susie Best exhibited her written, itemized, verified claim, together with the evidence in support thereof to the head of the State Board of Social Security and Welfare and to the State Auditor and the same was refused by both of said persons."

The state's answer was a general demurrer and a denial of any indebtedness. The demurrer was overruled and, after a trial, judgment was given the defendant. The plaintiffs have appealed.

Otho W. Best is made a party plaintiff but is not otherwise interested than as husband of the plaintiff Susie Best.

The first question for consideration is the court's jurisdiction. The attorney general contends that, under the law, one having a claim against the state must present it in proper form (1) to the head of the department, agency or office in which it was incurred and have it approved, and (2) to the state auditor, who, if he approves it, shall draw his warrant on the state treasurer therefor; (3) if the auditor refuses to approve it, he shall state his reasons to the originating office when a new claim complying with the auditor's objections shall be made out and presented to him, approved by the department, agency or office in which it was incurred; (4) if the auditor, as he may, still rejects the claim, he must report the fact of such

rejection to the governor of the state, and unless the governor approves the claim he shall not issue a warrant therefor.

We have recently decided in *Ward* v. *Frohmiller*, 55 Ariz. 202, 100 Pac. (2d) 167, and in *Hutchins* v. *Frohmiller*, 55 Ariz. 522, 103 Pac. (2d) 956, that the doing of the above enumerated things is essential to give the court jurisdiction, and they were not done as appears on the face of the second amended complaint.

 The court tried the issues on their merits and gave judgment to the state, but it nowhere appears in the record on what grounds it so decided. Whatever the grounds, the proper result was reached.

The judgment is therefore affirmed.

LOCKWOOD and McALISTER, JJ., concur.