[Civil No. 4295. Filed November 17, 1941.]

[118 Pac. (2d) 1097.]

THE STATE OF ARIZONA, Appellant, v. JOE E.
BARNUM, Appellee.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, Assistant Attorney General, for Appellant.

Mr. George M. Sterling and Messrs. Cox & Cox, for Appellee.

ROSS, J.—Joe E. Barnum, in his own right and as the assignee of numerous other employees of the state hospital for the insane, brought this action against the state for his and their services as such employees. In each case it is alleged in the complaint that the employee during the period of his employment was paid his wages at a rate less than the minimum wage law provided, and judgment is asked for the difference

between what each of such employees received from the state and what he would have received had he been paid the minimum wage. There are 116 of such claims, including the plaintiff's.

The complaint was filed January 13, 1939, and it set forth that Dr. Lewis J. Saxe was the superintendent of the state hospital; that J. M. Sparks was the secretary of the board of directors of state institutions and that Ana Frohmiller was the state auditor, and in addition alleged:

"VII. That thereafter and on the 12th day of January, 1939, the plaintiff herein presented to Dr. Lewis J. Saxe his verified, itemized claim for the above amount and that the said Dr. Lewis J. Saxe thereupon rejected and disallowed said claim.

"That thereafter and on the 12th day of January, 1939, the plaintiff herein presented to J. M. Sparks his verified, itemized claim for the above amount and the said J. M. Sparks thereupon rejected and disallowed said claim.

"That thereafter and on the 12th day of January, 1939, the plaintiff herein presented to Ana Frohmiller his verified, itemized claim for the above amount and that the said Ana Frohmiller thereupon rejected and disallowed said claim."

The attorney general, on behalf of the state, on February 4, 1939, filed a general demurrer to the complaint and each of the causes of action set out therein, on the ground that the facts stated failed to constitute a cause or causes of action or facts entitling the plaintiff to the relief prayed for, or any relief.

The demurrer was overruled on February 13, 1939, and the defendant elected to stand thereon and on that day the plaintiff introduced his evidence to support his complaint, and judgment was entered in his favor. This order, however, was set aside on March 6, 1939, on motion of defendant, who was granted twenty days to file an answer.

On March 19, 1940, defendant, without waiving its demurrer, filed an answer and, in Paragraph VI thereof,

"Alleges that this court has no jurisdiction over the subject of this action for the reason that plaintiff has not pursued the remedy allowed him by the provisions of Section 28, R. C. A. 1928."

Defendant also denied that it owed plaintiff or his assignees any sum whatever.

On March 27, 1940, it appears plaintiff again introduced evidence, oral and documentary, in support of the complaint, and defendant caused Dr. Saxe to be sworn and to testify in its behalf, after which both parties rested. At this time the defendant moved for judgment. The court took the case under advisement until March 28, 1940, and on said date gave judgment to plaintiff on all the causes of action, except the 97th, or for the sum of $52,144.20 with interest at 6% from January 12, 1939, and for costs.

The state has appealed and assigns as error the failure of the court to grant defendant's motion for judgment at the end of the case, for the reasons that the pleadings and the oral and documentary evidence adduced conclusively show that the claims were not approved by the head official of the department under which the obligations are alleged to have been incurred before they were presented to the state auditor for her approval or disapproval.

■ We must test this specification of error by the pleadings and by plaintiff's "Exhibit K" in evidence, which is an itemized statement of each of the claims sued on, by the minutes of the clerk of the court and by the admissions of the parties, since, while there were several witnesses who testified, a transcript of their testimony is not in the files or a part of the record.

■■ It has often been stated by this court that it will not disturb a judgment arrived at on evidence which is not in the record on appeal. We have also stated, less frequently it is true, that, when issues not within the pleadings have been made and tried between the parties, we will permit the pleadings to be amended to cover such issues, or we will treat the case as though such amendment had been made. The new rules of procedure (section 21–449, Arizona Code 1939) provide for such contingencies so that there can now be no question as to the correctness of such rules.

■■ It is upon these two rules that plaintiff relies and insists that the judgment should be upheld. As applied to questions of fact, the two rules mentioned may be conceded to be just and in the interests of orderly and expeditious termination of litigation, but when the issue made by the pleadings is one of law purely, as, for instance, where the sufficiency of the facts stated in the complaint to constitute a cause of action is challenged by general demurrer, can it be assumed that the evidence on the trial supplied the defects of the complaint? In such case the defect is one of law and not of fact. We have always understood the law to be that, if a complaint fails to state a cause of action, the court may on its own motion, and must if demurred to by the adversary, pronounce judgment on its sufficiency and refuse to hear the plaintiff further except to allow him to amend, if he can or so desires. In other words, the pleader must show he has a cause of action or the court will not proceed with the trial. If the court notwithstanding overrules the demurrer, we do not on appeal look into the evidence to see if the plaintiff has made out a case, nor do we, contrary to his theory of the case as set out in his complaint, assume in the absence of the evidence that he supplied the defects of the complaint by proof. However, defendant does not specify the overruling

of the demurrer as error and we only mention such order to call attention to the question involved as being one of law and not of fact, one that neither of the rules relied on reaches.

The motion for judgment at the close of the case was oral and entered in the minutes by the clerk of the court. It merely "moves for judgment" and we will have to look for defendant's different reasons urged before the trial and at the trial to find out the grounds of the motion as made at the close of the case. We have already discussed the contentions on the general demurrer. In the answer filed by defendant on March 19, 1940, it specifically states that the court is without jurisdiction, assigning as reasons therefor that the claim had never been presented as required by the statute, so we may reasonably and inevitably conclude that defendant, in addition to claiming it owed plaintiff nothing, insisted that if it did plaintiff had not complied with the law in presenting the claims and therefore the court was without jurisdiction to hear and determine the matter.

There can be no question but that the complaint is defective, so much so that it fails to state a cause of action entitling the plaintiff to recover. The law requires an employee of the state hospital for the insane to present his claim to the official head of that institution for his approval and, if he approves it, to present it to the state auditor for allowance. If the head official disapproves it, we have suggested in *State* v. *Angle,* 56 Ariz. 46, 104 Pac. (2d) 172, decided July 12, 1940, that the claimant's remedy is to *mandamus* the official head to approve the same. In such case we have stated that is the only method by which a claimant can procure a judgment as to the validity of his claim. There are two other cases construing section 28, Revised Code of 1928, and section 2619 thereof (sections 4–302 and 10–206, Arizona Code 1939) to

the same effect. *Hutchins* v. *Frohmiller,* 55 Ariz. 522, 103 Pac. (2d) 956, decided July 1, 1940; *Best* v. *State,* 56 Ariz. 408, 108 Pac. (2d) 560, decided December 23, 1940. It is alleged in the complaint that Dr. Saxe, official head of the state hospital for the insane, refused to approve the claims. On the theory, we suppose, that J. M. Sparks, secretary of the board of directors of state institutions, might be regarded as the official head of the hospital, the claims were presented to him, and, according to the complaint, he refused to approve them.

In the Angle case, *supra,* the facts were exactly parallel with the facts here. In that case we cited section 18, part 2, article IV of the Constitution, which provides:

"The legislature shall direct by law in what manner and in what courts suits may be brought against the state."

We then set out the statutory provisions that have been enacted regulating the presentation of claims against the state, being sections 4379, 2619, 30 and 28 of the Revised Code of 1928 (sections 27–101, 10–206, 4–304 and 4–302, Arizona Code 1939) and concluded with this statement [56 Ariz. 46, 104 Pac. (2d) 176]:

"It follows from the foregoing that while the claims of appellee and his assignors may be meritorious, they did not proceed in accordance with the statute in attempting to reduce them to judgment and, consequently, cannot recover."

In *Hutchins* v. *Frohmiller, supra* [55 Ariz. 522, 103 Pac. (2d) 957], we said:

"We consider first the demurrer. It is a well-accepted rule that the state may adopt whatever method it prefers to determine whether it is liable upon or shall discharge a given obligation. It may select agents for this purpose to pass on the question, and provide that a claim shall be paid only upon the determination of such an agent. *State* v. *Kelly,* 27 N. M.

412, 202 Pac. 524, 21 A. L. R. 156. Under this power the legislative authority, in the absence of constitutional restrictions, may provide any method it desires to be followed in presenting claims, and may make this method a condition precedent to the allowance and payment of such claims, and unless and until it is followed no action will lie against the state in its courts to enforce the payment of the claim, no matter how great may be the obligation. [Citing cases.]''

As in this case, the question of jurisdiction was raised in the Hutchins case both by demurrer and in the answer.

In *Best* v. *State, supra* [56 Ariz. 408, 108 Pac. (2d) 561], we said:

'' . . . The attorney general contends that, under the law, one having a claim against the state must present it in proper form (1) to the head of the department, agency or office in which it was incurred and have it approved, and (2) to the state auditor, who, if he approves it, shall draw his warrant on the state treasurer therefor; (3) if the auditor refuses to approve it, he shall state his reasons to the originating office when a new claim complying with the auditor's objections shall be made out and presented to him, approved by the department, agency or office in which it was incurred; (4) if the auditor, as he may, still rejects the claim, he must report the fact of such rejection to the governor of the state, and unless the governor approves the claim he shall not issue a warrant therefor.

''We have recently decided in *Ward* v. *Frohmiller,* 55 Ariz. 202, 100 Pac. (2d) 167, and in *Hutchins* v. *Frohmiller,* 55 Ariz. 522, 103 Pac. (2d) 956, that the doing of the above enumerated things is essential to give the court jurisdiction, and they were not done as appears on the face of the second amended complaint.''

This was a unanimous decision of the court.

 Under these decisions, until the claims were presented to the official head of the state hospital and by him approved, no action could be commenced. The

court was entirely without jurisdiction until these precedent acts were performed as the statutes require.

But, plaintiff says, the evidence is not here and asks, how can anyone tell whether the witnesses, or the plaintiff, or Dr. Saxe testified that the claims were approved by the official head of the state hospital? We think this is begging the question. Such an assumption is in conflict with the allegations of the complaint, which are that the official head of the state hospital refused to approve the claims.

Also, plaintiff's "Exhibit K" in evidence is not marked "approved" by anyone nor is there attached to it, or in the files, any record of approval.

A claim is required to be itemized, which of course implies that it must be in writing, although the statute does not expressly say so. If it is approved, it must be presented to the auditor for payment. While the statute is silent as to how such approval may be shown, it must necessarily be in writing else how can the auditor tell whether it has been approved.

The abstract of record, to which no objection has been made by plaintiff, shows that "Exhibit B" in evidence is a letter transmitting the itemized claims to Dr. Saxe, superintendent of the state hospital; that "Exhibit C" in evidence is a letter transmitting such claims to J. M. Sparks and his acknowledgment of the claims and disapproval thereof; and that "Exhibit D" in evidence is a letter of transmittal of such itemized claims to Ana Frohmiller, state auditor, and her return thereof marked "Claim not properly approved" and "Appropriation insufficient." These exhibits were introduced at the trial on February 13, 1939, and were subsequently stricken from the files by this court on motion of plaintiff, but the action or non-action on these claims by Dr. Saxe and J. M. Sparks and Ana Frohmiller is shown in the abstract of the record and, as above stated, no objection has been made thereto.

If the claims had ever been approved by the official head of the state hospital, we know such approval would have been presented at the trial, or before the trial, by the plaintiff. To assume that the evidence if present would show that the claims were approved by the official head of the state hospital would be simply absurd and without reason or foundation. There is no suggestion that they were approved before the suit was brought and certainly that is essential under the law. See the above cases.

Finally, what does the record in the present case show? The complaint not only fails to show the steps necessary to support the action, but shows affirmatively that certain jurisdictional steps were not taken. Its sufficiency was challenged by demurrer and the court overruled the demurrer. This was a declaration by it that the jurisdictional defects shown on the face of the complaint did not render the complaint bad. It then proceeded to hear evidence and render judgment for plaintiff. We are asked to hold that the mere fact that the judgment was so rendered raises a presumption that the evidence showed the allegations of the complaint were false; that things were done which plaintiff expressly says in his complaint were not done and that the parties and the court tried the case on a theory different from that which it had held, by its ruling on the demurrer, was the correct one. We think that on the present record it is far more reasonable to presume that the court believed the allegations of the complaint did not deprive it of jurisdiction, and applied that erroneous rule of law to evidence which fully sustained the allegations of the complaint. This is particularly true in view of the fact that our decisions, holding that no action lay against the state under circumstances similar to those set up in the complaint, were not rendered until after this case was decided by the trial court.

The fact that the trial court gave judgment to plaintiff is no evidence that there was any proof that the official head of the state hospital had approved of plaintiff's claim or claims, for evidently, from the court's action on the demurrer, it did not believe the law required such approval before suit could be maintained. The court's action was consistent throughout the trial. It treated the case as though it was between private individuals and not between the state and a private individual. That the state is immune to being sued except upon its own terms and conditions seemed to be overlooked by the learned trial judge.

It appears to us quite clearly that the plaintiff failed to plead or show facts giving the court jurisdiction to hear and determine his grievances. For that reason, the judgment of the lower court is reversed and the cause remanded with directions that the complaint be dismissed.

LOCKWOOD, C. J., and McALISTER, J., concur.