NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DESERT GARDENS MOBILE HOMES, L.L.C. dba DESERT GARDENS
MOBILE HOMES AND CLASSIC CARS, *Plaintiff/Appellant*,

*v.*

TOWN OF QUARTZSITE, *Defendant/Appellee*.

No. 1 CA-TX 14-0009
FILED 4-14-2015

Appeal from the Arizona Tax Court
No. TX2011-000179
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Ryan Rapp & Underwood, PLC, Phoenix
By Ian A. Macpherson
*Counsel for Plaintiff/Appellant*

Berry Law Group, PLLC, Phoenix
By Christopher J. Berry, Richard W. Gilmour
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Patricia K. Norris joined.

**W I N T H R O P**, Judge:

**¶1**        Desert Gardens Mobile Homes, LLC, appeals the decision of the tax court finding it liable for transaction privilege tax assessed by the Town of Quartzsite, arguing that the Town is estopped from collecting the tax. Because Desert Gardens has not proven the necessary elements of promissory estoppel, we affirm the decision of the tax court in favor of the Town.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Desert Gardens sells manufactured homes and motor vehicles in Quartzsite, Arizona. The Town audited Desert Gardens for the period from February 2006 through July 2007 and assessed transaction privilege tax of $44,716.61 plus interest.[1]

**¶3**        After exhausting its administrative remedies, Desert Gardens filed a complaint in La Paz County superior court, which was transferred to tax court. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-163(A)(2015).[2] Desert Gardens did not plead estoppel in its complaint.

**¶4**        In the joint pretrial statement, Desert Gardens alleged facts supporting a claim for promissory estoppel, specifically that the Town manager had offered Desert Gardens "amnesty for prior tax liabilities if

---

[1]        Arizona's transaction privilege tax is an "excise tax on the privilege or right to engage in an occupation or business in the State of Arizona." *Ariz. Dep't of Revenue v. Mountain States Tel. & Tel. Co.*, 113 Ariz. 467, 468, 556 P.2d 1129, 1130 (1976). The Town assessed transaction privilege tax on the income Desert Gardens realized from the sale of manufactured homes pursuant to the Quartzsite Town Code article 9-427.

[2]        Absent material revisions after the relevant dates, we cite the current version of a statute unless otherwise indicated.

[Desert Gardens] would assist the Town by funding and operating the City's defunded Chamber of Commerce which involved taking over the expenses and responsibilities for answering inquiries and manning the 800 number lines established to help draw tourism to Quartzsite." Desert Gardens further alleged that it acted in reliance on the Town manager's promise.[3]

**¶5**         At trial, Richard Oldham[4], the owner of Desert Gardens, testified regarding the Town's alleged promise and Desert Gardens' reliance on that promise. The tax court entered judgment in favor of the Town, and Desert Gardens timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## ANALYSIS

**¶6**         On appeal, Desert Gardens does not contest the transaction privilege tax assessment. Rather, the issue raised is whether the Town should be precluded from enforcing the tax assessment against Desert Gardens based on the doctrine of promissory estoppel.

### I.     Amendment of the Complaint

**¶7**         As a preliminary matter, Desert Gardens admits that the complaint did not include a claim for estoppel and requests that it be "allowed to conform the pleadings to the evidence litigated and adduced at trial by allowing its complaint to now be deemed amended." In its brief, the Town agrees to the proposed amendment: "By hearing and considering [Desert Gardens'] evidence and argument on its promissory estoppel defense, [the tax court] *de facto* allowed an amendment of Desert Gardens' pleadings to include that defense."

**¶8**         As a general rule, "estoppel, whether the basis of a claim or a defense, must be specially pleaded." *Connolly v. Great Basin Ins. Co.*, 6 Ariz. App. 280, 289, 431 P.2d 921, 930 (1967) (citations omitted). Arizona Rule of Civil Procedure 15(b), however, provides for the amendment of pleadings to conform to the evidence:

---

[3]     Desert Gardens included the same facts in its proposed findings of fact and argued for the application of promissory estoppel in its trial brief.

[4]     Oldham is a former mayor of Quartzsite.

> When issues not raised by the pleadings are
> tried by express or implied consent of the
> parties, they shall be treated in all respects as if
> they had been raised in the pleadings. Such
> amendment of the pleadings as may be
> necessary to cause them to conform to the
> evidence and to raise these issues may be made
> upon motion of any party at any time, even after
> judgment, but failure so to amend does not
> affect the result of the trial of these issues.

Ariz. R. Civ. P. 15(b). Our supreme court has applied Rule 15(b) to the pleading of estoppel: "[A]mendments may be made to conform to the evidence and to raise issues and present defenses not made by the original pleadings. Thus the defense of estoppel would not be deemed waived by failure to plead it originally if pleaded at the time of trial." *Keystone Copper Min. Co. v. Miller*, 63 Ariz. 544, 561-62, 164 P.2d 603, 611 (1945); *see also Webb v. Hardin*, 53 Ariz. 310, 315, 89 P.2d 30, 32 (1939) ("[W]herever there is any evidence appearing in the record upon which the special defense of estoppel might have been predicated and urged at the trial, this court may itself raise, consider and apply such defense, notwithstanding that it had neither been pleaded nor urged as an issue by either party in the lower court.").

¶9 Although Desert Gardens did not plead estoppel in its complaint, it did assert estoppel in pleadings filed prior to trial. Moreover, at trial, Desert Gardens offered testimony in support of its claim and argued for the application of promissory estoppel.[5] Accordingly, we treat this case as if the complaint were amended to conform to the evidence. *See Elec. Adver., Inc. v. Sakato*, 94 Ariz. 68, 71, 381 P.2d 755, 757 (1963) ("If an amendment to conform the pleadings to the proof should have been made, an appellate court will presume that it was so made to support the judgment."); *State v. Barnum*, 58 Ariz. 221, 225, 118 P.2d 1097, 1099 (1941) ("[W]hen issues not within the pleadings have been made and tried between the parties, we will permit the pleadings to be amended to cover such issues, or we will treat the case as though such amendment had been made.").

---

[5] The Town's counsel objected to the testimony on the basis of hearsay and Arizona Rule of Evidence 408 only.

*II.    Promissory Estoppel*

**¶10**        Desert Gardens argues the Town "should be bound by the doctrine of promissory estoppel to be without authority to enforce the assessment it has imposed on [Desert Gardens]." The Town argues that the evidence is insufficient to establish estoppel against a governmental entity.

**¶11**        Our supreme court has adopted the definition of promissory estoppel found in the Restatement (Second) of the Law of Contracts, which provides:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

Restatement (Second) of Contracts § 90(1) (1981); *Chewning v. Palmer*, 133 Ariz. 136, 138, 650 P.2d 438, 440 (1982) (adopting and applying the Restatement). The party asserting estoppel "has the burden of showing by clear and satisfactory proof that all the elements are present, and the acts relied upon to create it must be absolute and unequivocal." *Knight v. Rice*, 83 Ariz. 379, 381, 321 P.2d 1037, 1038 (1958); *Fridenmaker v. Valley Nat'l Bank of Ariz.*, 23 Ariz. App. 565, 571, 534 P.2d 1064, 1070 (1975).

**¶12**        As a general rule, Arizona courts have held that promissory estoppel will not lie against the government. *State ex rel. Romley v. Gaines*, 205 Ariz. 138, 143, ¶ 17, 67 P.3d 734, 739 (App. 2003). Nevertheless, in *Valencia Energy Co. v. Arizona Dep't of Revenue*, 191 Ariz. 565, 959 P.2d 1256 (1998), our supreme court acknowledged that in rare situations the government can be equitably estopped from assessing a tax that is legally owed by a taxpayer. *Id.* at 576, 578-79, ¶¶ 34, 41, 959 P.2d at 1267, 1269-70. In *Valencia*, the taxpayer contacted the Arizona Department of Revenue in order to determine if transaction privilege tax applied to its coal transportation activities. *Id.* at 579-80, ¶¶ 44-45, 959 P.2d at 1270-71. Ultimately, the Department advised the taxpayer that the transaction was not taxable and, in reliance on that assurance, the taxpayer did not collect tax from its customers of more than five million dollars. *Id.* at 579, 581, ¶¶ 44, 53, 959 P.2d at 1270, 1272. Based on those circumstances, the Arizona

Supreme Court vacated the tax court's ruling that had granted summary judgment to the Department. *Id.* at 582, 959 P.2d at 1273.

**¶13**　　　　As the *Valencia* decision reflects, a party seeking to establish estoppel against the government has a greater "evidentiary burden" than would exist in cases not involving the government. *See id.* at 577, ¶ 36, 959 P.2d at 1268. The court noted that the governmental action must bear a "considerable degree of formalism," and that "[i]t is rare that satisfactory evidence of an absolute, unequivocal, and formal state action will be found unless it is in writing." *Id.* In addition, the party seeking estoppel must demonstrate that its reliance is reasonable under the circumstances and that "it prospectively relied on the state action." *Id.* at 577, ¶ 37, 959 P.2d at 1268. Finally, there must be "substantial detriment to the party resulting from a repudiation of prior representations." *Id*. at 577, ¶ 38, 959 P.2d at 1268.[6] The court cautioned:

> We recognize the force of the proposition that estoppel should be applied against the Government with utmost caution and restraint, for it is not a happy occasion when the Government's hands, performing duties in behalf of the public, are tied by the acts and conduct of particular officials in their relations with particular individuals.
>
> . . . It is to be emphasized that such situations must necessarily be rare, for the policy in favor of an efficient collection of the public revenue outweighs the policy of the estoppel doctrine in its usual and customary context.

*Id.* at 578-79, ¶ 41, 959 P.2d at 1269-70 (quoting *Schuster v. C.I.R.*, 312 F.2d 311, 317 (9th Cir. 1962)).

---

[6]　　　In *Valencia*, the issue was whether the taxpayer could assert equitable estoppel against the state. *Valencia*, 191 Ariz. at 569, ¶ 8, 959 P.2d at 1260. The distinction between equitable estoppel and promissory estoppel has been explained as: "[T]o work an equitable estoppel or 'estoppel in pais,' the representation in question must be of some present or past fact, while promissory estoppel rests upon a promise to do something in the future." *Trollope v. Koerner*, 106 Ariz. 10, 18, 470 P.2d 91, 99 (1970).

¶14        Because questions of estoppel are fact intensive, "[w]e defer to the trial court with respect to any factual findings explicitly or implicitly made, affirming them so long as they are not clearly erroneous." *John C. Lincoln Hosp. and Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532, 537, ¶ 10, 96 P.3d 530, 535 (App. 2004), as amended (Sept. 1, 2004). Although the tax court's ruling did not specifically address the issue of promissory estoppel, the court impliedly rejected Desert Gardens' claim by ruling in favor of the Town. *See Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11, 967 P.2d 1022, 1025 (App. 1998) ("[W]e may infer additional findings of fact and conclusions of law sufficient to sustain the trial court's order as long as those findings are reasonably supported by the evidence, and not in conflict with any express findings."). We review the tax court's decision not to apply estoppel against the town for an abuse of discretion. *See Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007).

¶15        The tax court did not abuse its discretion in deciding not to apply promissory estoppel. Desert Gardens failed to provide clear and satisfactory proof that all the elements of promissory estoppel were present, particularly in light of the heightened evidentiary burden that applies to estoppel against the government. At trial, Oldham testified regarding the facts of the alleged estoppel. He described his meeting with the Town manager, which occurred after Desert Gardens received the notice of assessment:

> [The Town manager] asked us what we would like to do with the audit and we said, "Well, we think it's very unfair and not correct." But in the interest of trying to move along and settle the assertion that they were making, we would be willing, as we discussed, to take over the - - the Town had defunded the chamber of commerce and the Town of Quartzsite, and so we agreed that we would [ . . . ] answer the phones. There [were] a couple of phones that needed to be answered for the chamber of commerce that were going to be turned off. And there was at least one billboard that we would continue to pay for or to keep alive talking about the chamber of commerce and the services in Quartzsite.

Oldham could not remember specifically when the meeting occurred, and he acknowledged that although the Town manager promised she would document their agreement, she never did.[7]

**¶16**     On cross-examination, Oldham admitted that, prior to any settlement conversation with the Town manager, Desert Gardens had already assumed responsibility for paying for the phone lines:

> Q: How soon after the communication that you had with [the Town manager] did your company assume the responsibility of paying the phone line?
>
> A: Actually we were already doing it because the Chamber had pretty much run out of money.

Moreover, despite the Town's failure to follow through on its alleged promise, Desert Gardens continued to maintain and fund the phone lines up to the time of trial.

**¶17**     Desert Gardens failed to prove that the Town's actions were absolute and unequivocal. Even assuming the Town manager did offer tax amnesty, her promise, which was never reduced to writing, did not reflect the "degree of formalism" required to establish estoppel against the

---

[7]     Desert Gardens also relies upon *Luther Constr. Co. v. Arizona Dep't of Revenue*, 205 Ariz. 602, 74 P.3d 276 (App. 2003), in which this court held that a taxpayer's reasonable reliance on the Department of Revenue's prior inconsistent positions precluded summary judgment in favor of the Department and left to the trial court the determination of whether equitable estoppel applied. *Id.* at 284, ¶ 44, 74 P.3d at 610. In *Luther Constr.*, the taxpayer relied on: (1) a letter from the Department of Revenue indicating that income from contracting activity on a reservation was exempt from taxation; and (2) a refund reflecting the same. *See id.* at 277-78, ¶¶ 3, 4, 205 Ariz. at 603-04. We determined the taxpayer could have viewed the audit results and refund decision as the Department's "unequivocal affirmation of its position explicitly stated" in the letter that proceeds from such contracting were tax exempt. *Id.* at 280, ¶ 18, 74 P.3d at 606. In the present case, the Town manager did not explicitly state her promise in a letter nor was there any other unequivocal affirmation of her promise.

government.  Moreover, Oldham's alleged reliance on the promise was not justifiable under the circumstances.  *See Higginbottom v. State*, 203 Ariz. 139, 144, ¶ 18, 51 P.3d 972, 977 (App. 2002) (holding that a party can only recover under the theory of promissory estoppel if he or she had a "justifiable right to rely" on the alleged promise).  A reasonable business owner, and former mayor, would not expect a brief and undocumented discussion to result in relief from a significant tax liability and act in reliance on the same.[8]

¶18        In addition, Desert Gardens failed to establish that it "prospectively relied" on the Town's action.  As Oldham admitted on cross-examination, Desert Gardens had already agreed to assist and fund the Quartzsite chamber of commerce before his meeting with the Town manager and continued to do so after it became obvious that the Town was not going to grant tax amnesty.  This suggests that Desert Gardens did not take these actions solely in reliance on the Town manager's alleged promise.

¶19        Finally, the alleged detriment to Desert Gardens was not significant.  Unlike the taxpayer in *Valencia*, Desert Gardens' failure to pass along the tax liability to its customers was not a result of the alleged promise.  Rather, Oldham met with the Town manager after the tax liability had already accrued and an assessment had been issued.  Accordingly, the only detriment to Desert Gardens was the cost incurred in funding and maintaining the chamber of commerce phones and the cost of billboard

---

[8]        The parties also dispute whether the Town manager had the authority to enter into an agreement for the abatement of tax liability without the approval of the Town Council.  We need not reach this issue because, even assuming the Town manager did have such authority, Desert Gardens has still failed to prove the elements of promissory estoppel.  We further note that, in support of its argument, the taxpayer has referenced a town council agenda and meeting minutes that reference some unresolved discussion about possible settlement of this tax assessment. These documents were not in evidence before the tax court and are not part of the record properly before us.  In any event, these documents do not support the taxpayer's position.

advertising. This detriment was insignificant in comparison to the tax liability.[9]

**¶20** Accordingly, Desert Gardens has failed to provide clear and satisfactory proof of the elements required to establish estoppel against the Town.

### CONCLUSION

**¶21** For the foregoing reasons, we affirm the decision of the tax court. Pursuant to A.R.S. § 12-341 and the Town's request, we award the Town its costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[9] The cost to Desert Gardens of maintaining the phone lines is between $40 and $50 per month, and the cost of the billboard was $300 to $400 per year.